IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL CASKEY**<br>455 Mayberry Road<br>Schwenksville, PA 19473<br><br>*Plaintiff,*<br><br>v.<br><br>**OUTBACK STEAKHOUSE OF FLORIDA, LLC**<br>   and<br>**OS RESTAURANT SERVICES, LLC,**<br>d/b/a OUTBACK STEAKHOUSE<br>2202 N. West Shore Blvd.<br>Suite 500<br>Tampa, Fl 33607<br><br>*Defendants.* | CIVIL ACTION<br><br>NO.: |

# CIVIL ACTION COMPLAINT
## PREMISES LIABILITY

Plaintiff, Paul Caskey, by and through his attorneys, Levin & Zeiger, LLP, brings the instant action to hold the named defendants accountable for causing him serious injuries in a fall incident at their Royersford Outback Steakhouse Restaurant. Plaintiff avers as follows:

## PARTIES

1. Plaintiff, Paul Caskey, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at the address in the caption above.

2. Defendant, Outback Steakhouse of Florida is a foreign limited liability company doing business in Pennsylvania. Said Defendant may be served with process by serving

1

its registered agent: Corporate Creations Network, Inc., 1001 State Street #1400, Erie, PA 16501.

3. Defendant, OS Restaurant Services, LLC is a foreign limited liability company doing business in Pennsylvania. Said Defendant may be served with process by serving its registered agent: Corporate Creations Network, Inc., 1001 State Street #1400, Erie, PA 16501.

4. Personal jurisdiction exists over each Defendants because they have sufficient minimum contacts with the Commonwealth of Pennsylvania. Defendants operate a chain of restaurants under the trade name "Outback Steakhouse" throughout Pennsylvania, including at their restaurant located at 22 Anchor Parkway, Royersford, PA 19468, where the harms alleged in this Complaint occurred.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Defendants regularly conduct business in the Eastern District of Pennsylvania.

6. Defendants are citizens of the State of Florida, where they maintain their principal place of business, under 28 U.S.C. § 1332(c)(1).

7. Plaintiff is a citizen and a resident of the Commonwealth of Pennsylvania.

8. The amount in controversy is greater than $75,000.00.

9. This civil action is between citizens of different states and the amount in controversy exceeds $75,000.00, giving this Court subject matter jurisdiction under 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if the same were set forth fully herein.

11. At all relevant times, Defendants were the owners, lessors, lessee, and otherwise responsible for the care, control, and or safety of the Outback Steakhouse Restaurant located at 22 Anchor Parkway, Royersford, PA 19468.

12. At all relevant times, Defendants were in the business of operating the Outback Steakhouse Restaurant located at 22 Anchor Parkway, Royersford, PA 19468, which included inspecting maintaining, cleaning, repairing, and maintaining the restaurant in good, safe working order.

13. At all relevant times, Defendants opened the doors of their Royersford location to the dining public, including Plaintiff, Paul Caskey.

14. On or about July 13, 2022, Plaintiff and his wife were business invitees at the Royersford Outback steakhouse locates on Anchor Parkway.

15. Plaintiff and his wife went to the Outback to enjoy a meal together.

16. Plaintiff and his wife sat at the bar.

17. The bar area of the restaurant was fabricated with smooth, slick hard floors as shown in the photos below.



18. The bar area of the restaurant was appointed with barstools.

19. The barstools had four legs, with seats approximately 30-35 inches high, and a contoured seat back.



20. The barstool that Plaintiff sat in looked similar in appearance to the other barstools around the bar.

21. Although not immediately apparent to Plaintiff, the barstool that he sat on did not any type of slip resistant material on the feet at the point of contact with the floor.

22. Upon information and belief, Defendants were aware that if barstools were not fitted with appropriate feet/glides for the given floor type, they could pose a danger to patrons.

23. Upon information and belief, Defendants were warned about the slipperiness of the barstool used by Plaintiff prior to Plaintiff's fall.

24. Defendants never provided any warning to Plaintiff.

25. Plaintiff and his wife ordered food at the bar.

26. When Plaintiff's soup was delivered, he leaned over the bar, placing his forearms against the edge of the bar.

27. The slight pressure of his forearms leaning against the bar, caused the barstool to begin rapidly sliding backwards because the barstool was not fitted with floor-appropriate feet/glides.

28. The barstool began sliding out from under Plaintiff, pulling him backwards and causing him to spill soup on himself.

29. As the barstool slid backwards, Plaintiff's weight became unevenly distributed towards the front of the chair.

30. Plaintiff began to fall forward but quickly and instinctively sat upright to avoid face-planting on the floor.

31. As Plaintiff sat back, the barstool tipped onto its hind legs and fell over backwards with Plaintiff still in a seated position.

32. Plaintiff and the barstool went down crashing to the floor, with Plaintiff's back slamming against the seatback frame and panel.

33. As a direct result of the fall, Plaintiff suffered serious injuries, including but not limited to, a right sacroiliac joint injury, lumbar disc protrusions from L2-3 through

L4-5, resulting in nerve impingement, lumbar facet joint injury, and lumbar stenosis with neurogenic claudication.

34. As a direct result of the fall, Plaintiff suffered substantial pain and suffering from the time of the incident through the drafting of this Complaint.

35. Upon information and belief, Plaintiff will continue to suffer into the future from the pain that has been ongoing since the incident.

36. As a direct result of the fall, Plaintiff has been unable to engage in professional and personal activities as he had done so prior to the incident.

37. As a direct result of the fall, Plaintiff has had to undergo medical care, including physical therapy, injections, MRIs, surgery consultation, and will continue to do so, all to his great expense and detriment.

38. As a direct result of the fall, Plaintiff has been advised that surgical remediation of his sacroiliac joint may be necessary in the future.

**COUNT 1**
**NEGLIGENCE**
**PLAINTIFF v. DEFENDANTS**

39. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if the same were set forth fully herein.

40. At all material times, Defendants owed Plaintiff a duty as an invitee.

41. Upon information and belief, Defendants had actual or constructive notice of the hazardous condition of the barstool prior to Plaintiff's fall.

42. Upon information and belief, Defendants breached their duty of care owed to Plaintiff.

43. The negligence and carelessness of Defendants, jointly and severally consisted of, *inter alia*, the following:

a. Failing to affix barstools with floor-appropriate feet/glides;

b. Failing to regularly inspect their barstools;

c. Failing to maintain their barstools;

d. Failing to repair their barstools;

e. Allowing the dangerous slippery barstool to remain available to patrons'

f. Failing to warn Plaintiff about the slippery barstool;

g. Failing to treat the floor with slip resistant finish, polish, wax, and/or coating;

h. Failing to inspect the floor in the bar area;

i. Failing to maintain the floor in the bar area;

j. Failing to repair the floor in the bar area;

k. Failing to warn Plaintiff about the slippery floor;

l. Failing to maintain a proper dry dynamic coefficient of Friction between the floor and their barstool;

m. Allowing the combined dynamic of the ill-equipped barstool and the slick floor to exist;

n. Failing to warn Plaintiff about the combined slippery dynamic that existed with the ill-equipped barstool upon the slick floor;

o. Allowing this dangerous condition to exist at the premises;

p. Failing to exercise reasonable care in identifying, repairing, and/or warning about this dangerous condition at the premises; and

q. Failing to exercise reasonable care in safeguarding their premises for the dining public invitees, including Plaintiff.

44. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff suffered from serious and permanent injuries.

45. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff was required in the past and will in the future require additional medical care and treatment.

46. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff suffered a loss of life's pleasures and an inability to engage in his usual and customary activities; pain, suffering, emotional distress and humiliation, embarrassment, the inability to engage in some or all physical pursuits; and an inability to perform his work and personal duties in full or in part, some or all of which may be permanent in nature.

47. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future experience a loss of earnings and earning capacity.

48. As a direct and proximate result of Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future have to pay various amounts and or owe money for medical care and treatment and prescriptions, all to his great detriment and loss.

49. As a direct and proximate result of the Defendants' negligence and carelessness, as aforesaid, Plaintiff has in the past and may in the future sustain economic and financial losses and expenses.

50. As a direct and proximate result of the Defendants' negligence and carelessness, as aforesaid, Plaintiff has in the past and may in the future continue to be

prevented from performing his usual duties, occupations and avocations, all to his great loss and detriment.

**WHEREFORE** Plaintiff, demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs, delay damages and any other amount this Honorable Court deems appropriate, including but not limited to:

(a) compensatory damages;

(b) costs; and

(c) other such damages and relief as this Honorable Court deems appropriate.

Respectfully submitted,

2/29/2024
DATE

GABRIEL Z. LEVIN, ESQUIRE
NO. 89128
LEVIN AND ZEIGER, LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA, PA 19102
215-825-5183