IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL CASKEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 24-cv-00897 |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                           **September 22, 2025**

**I.      INTRODUCTION**

Plaintiff, Paul Caskey (hereinafter "Plaintiff"), brings this premises liability action against Defendant, Outback Steakhouse of Florida, LLC (hereinafter "Defendant"), regarding a slip and fall accident that occurred on Defendant's premises. Before this Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 15).[1] [2] For the reasons set forth in this Memorandum, Defendant's Motion for Summary Judgment is denied.

**II.     FACTUAL BACKGROUND**

Plaintiff alleges that he and his wife, Cherry Sigg, went to Defendant's Outback Steakhouse[3] on July 13, 2022, to have dinner at the bar. (Plaintiff's Response in Opposition for Summary Judgment, ECF No. 20 ("Plaintiff Opp."), p. 12). The bartender serving Plaintiff and

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.
[2] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).
[3] Outback Steakhouse located at 22 Anchor Parkway, Royersford, PA 19468.

1

his wife was Defendant's employee Courtney Wood (hereinafter "Ms. Wood"). (*Id*.). The two had drinks and food where Plaintiff ordered a beer, soup and salad. (*Id*.). While eating, Plaintiff alleges he leaned over to take a bite of food when the barstool underneath him began moving backwards causing him to fall. (*Id*.). The incident was captured on Defendant's surveillance video. (*Id*.).

Mike Capcino (hereinafter "Mr. Capcino"), general manager of Defendant's restaurant, recorded on his phone a seven second video of Defendant's surveillance footage. (*Id*.). The original surveillance footage was not preserved. (*Id*.). However, Plaintiff alleges that Mr. Capcino's phone-recorded footage shows Plaintiff lean forward to take a bite of food when his barstool began moving backwards causing him to fall. (*Id*.). Plaintiff further alleges that the phone-recorded footage does not show him taking any "dangerous or peculiar action," but shows him fall to the ground knocking over his soup and getting injured. (*Id*.). Mr. Capcino admits that Plaintiff ate his food in a manner that people typically eat, and thus, it was not apparent to him that Plaintiff did anything to cause the fall. (*Id*.). Moreover, Victoria Russel (hereinafter "Ms. Russel"), front-of-house manager of Defendant's restaurant on July 13, 2022, having watched the video footage stated that Plaintiff did not do anything abnormal to cause the barstool to fall from underneath him. (*Id*. at p. 13).

Plaintiff alleges that prior to his fall, other customers complained to Ms. Wood about Defendant's barstools being too slippery and too wobbly. (*Id*.). Ms. Wood further stated that another customer had an accident involving a barstool but was uncertain if it occurred prior to or after Plaintiff's fall. (*Id*.). Ms. Wood shared those complaints with Defendant's managers prior to Plaintiff's fall. (*Id*.). Some weeks later in August 2022, Mr. and Mrs. Caskey returned to the same restaurant for dinner and noticed that one of the barstools was more slippery than others.

(*Id*.). As such, Plaintiff alleges that he videotaped his wife sit on the barstool that was slippery and captured the barstool sliding out from underneath her causing her to nearly fall off the stool. (*Id*.). Plaintiff does not know whether this is the same barstool he sat in on July 13, 2022.

Based upon the foregoing allegations, Plaintiff now contends that Defendant's managers did not satisfy the duty of care it owed to its customers. (*Id*. at p. 14). Ms. Russel was responsible for supervising the entire restaurant on July 13, 2022. (*Id*.). Part of her responsibility was to conduct an inspection of the restaurant and complete a manager's checklist every day. (*Id*.). Plaintiff alleges that because Ms. Russel did not complete this checklist on July 13, 2022, she did not fulfill her duty as a manager. (*Id*.). Although Ms. Russel states in her deposition that she has the checklist "pretty much memorized" and she completes it from memory throughout her shift, Defendant has no record of Ms. Russel completing the checklist, or in the alternative, has not produced the checklist to Plaintiff. (*Id*. at p. 15). Further, Ms. Russel at her deposition stated that she did not check the barstools before opening the restaurant to the public on July 13, 2022. (*Id*. at p. 16). However, she completed an incident report that night, which stated on the top "this report is being completed in anticipation of litigation." (*Id*. at p. 17). The incident report asked if the claim involves an object and "did you keep the object?" but Ms. Russel left this section blank. (*Id*. at p. 17-18). Notably, Plaintiff alleges that the barstool involved in his fall was discarded before the site inspection[4]. The three barstools[5] available for inspection "showed indication of extensive wear, deterioration, and deformation at the edges and needed replacement." (*Id*. at p. 18).

---

[4]Plaintiff's liability expert, Brian Beatty, inspected the site to complete his examination report. (Plaintiff's Opp., Exhibit J).
[5] One of Defendant's barstools was missing a footrest and had a detached crossbar which was observed by Expert Beatty. (Plaintiff's Opp., Exhibit J).

On February 29, 2024, Plaintiff filed an initial Complaint with the Eastern District of Pennsylvania naming Defendants Outback and OS Restaurants Services LLC d/b/a Outback Steakhouse (hereinafter "OS Restaurants"). (Complaint, ECF No. 1). Thereafter, on May 6, 2025, Defendant filed the present Motion for Summary Judgment. (Defendant's Motion for Summary Judgment, ECF No. 15 ("Defendant's Motion")). However, both parties agreed to dismiss Defendant OS Restaurants from the Complaint on June 9, 2025. (Stipulation to Dismiss, ECF No. 22). On June 27, 2025, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment. (Plaintiff's Opp., ECF No. 20).

### III. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of h[is] case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the

4

nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotations omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Plaintiff brings the present premises liability action against Defendant for a slip and fall accident at Defendant's restaurant. ECF No. 1. Defendant has now moved for Summary Judgement arguing that Plaintiff failed to produce any evidence that a dangerous condition existed at Defendant's restaurant nor presented evidence that Defendant had notice of any dangerous condition. (ECF No. 15). In opposition, Plaintiff responds by alleging that the "video of the incident, eyewitness testimony, post-incident reenactment, and multiple admissions from Defendant's employees collectively raise serious and genuine issues of material fact" that supports its position that a dangerous condition existed at Defendant's restaurant and Defendant was on notice about the dangerous condition. (Plaintiff Opp. at p. 20). It is clear from the record

5

that Plaintiff has produced sufficient evidence to establish that there are genuine and material issues of fact that must be resolved by a jury at trial. *See Santini*, 795 F.3d at 416. Construing these facts and inferences herein in favor of the Plaintiff as the nonmoving party, the Court is precluded from entering summary judgment in favor of the Defendant.

Under Pennsylvania law, a negligence claim consists of four elements: (1) an existence of a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Gutteridge v. A.P. Green Servs.*, 804 A.2d 643, 654 (Pa. Super. Ct. 2002). The elements of causation and damages need not be addressed as they are not at issue.

In premises-liability actions, the duty of care owed to a person entering the land possessor's premises depends upon whether the person is a trespasser, licensee, or invitee. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (citation omitted). The parties do not dispute that Plaintiff was an invitee at Defendant's restaurant on July 13, 2022. Premises intended for invitees are owed a "reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended." *Morris v. Gimbel Bros., Inc.*, 394 F.2d 143, 145 (3d Cir. 1968) (citation omitted). For slip and fall cases, the plaintiff must produce evidence that a dangerous or hazardous condition is the crux of a premises liability action. *Daniels v. Sears & Sears Roebucks & Co.*, No. CV 15-4821, 2016 WL 521205 (E.D. Pa. Feb. 10, 2016) (citing the Restatement (Second) of Torts § 343). Land possessors are only liable for the dangerous condition if the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

6

*Carrender v. Fitterer*, 503 Pa. 178, 185, 469 A.2d 120, 123 (1983) (citing to Restatement, *supra*, § 343).

Presently, the parties do not dispute that Plaintiff fell from the barstool injuring himself while eating his meal on Defendant's premises. They disagree, however, about whether the barstool constitutes a dangerous condition, and, if so, whether that condition was open and obvious. The Third Circuit has held that what constitutes a dangerous condition, or an open and obvious condition is a question of fact for the jury to decide. *Slappy-Sutton v. Speedway LLC*, 764 F. App'x 271, 272 (3d Cir. 2019). *Id*. Yet, these questions may be decided by the court "where reasonable minds could not differ as to the conclusion." *Id*.

The record suggests that the facts presented by both parties are in genuine dispute because Plaintiff has presented sufficient evidence upon which a reasonable jury could return a verdict in Plaintiff's favor. Plaintiff argues that the barstool constitutes a dangerous condition because he merely leaned in to eat his food when the barstool began to slide from underneath him. (Plaintiff's Opp., p. 24). Supported by deposition testimony, video evidence of the incident, and expert testimony, Plaintiff posits that he ate his meal in a manner that was typical of other patrons and that his actions did not warrant the barstool sliding from underneath him. (*Id*. at p. 12). Plaintiff further argues that because Defendant failed to preserve the barstool in question for inspection, even though Ms. Russel had filled out the post-accident Incident Report "in anticipation of litigation", this Court should submit a spoilation inference instruction to the trial jury, which further illustrates why there is a need for a jury to determine these questions of fact. (*Id*. at p. 26). In contrast, Defendant argues that Plaintiff has failed to present sufficient facts to overcome its summary judgment motion because the barstools in the restaurant had the required safety measures in place, and the barstools were inspected daily. (Defendant's Motion, p. 4, ¶¶

7

19, 20). Defendant further asserts that with no evidence of another cause for the slip, such as slippery floors, there was no dangerous condition for Defendant to be liable to Plaintiff. (Defendant's Motion, p. 4, ¶¶ 17, 18). However, the Court concludes "reasonable minds could differ, and as a result," the question on whether a dangerous condition existed is a "question of fact for the jury." *See Slappy-Sutton*, 764 Fed. Appx. at 272.

With respect to whether the condition was open and obvious, the parties dispute that notice, actual or constructive, was given to Defendant. Plaintiff argues that Defendant was placed on actual notice because there is deposition testimony from Ms. Wood that she informed her managers that customers previously complained that the barstools were either too slippery or too wobbly, or both; there is no evidence to show that the barstools removed from the floor were actually taken out of circulation or repaired; and Ms. Russel's testimony showed that she ignored her responsibility to inspect the barstools and complete a checklist on the day of the incident. (Plaintiff's Opp., p. 27). Whereas Defendant argues that it had no notice about the barstools slippery condition because Defendant proactively removed or repaired barstools complained about when brought to its attention; there is no evidence to show there have been similar incidents that occurred prior to Plaintiff's fall; and Plaintiff has dined at Defendant's establishment five times prior to the alleged fall without incident. (Defendant's Motion, p. 5, ¶ 22). A reasonable jury could conclude that Defendant was on notice of the open and obvious dangerous condition of the barstool in favor of Plaintiff. Because both parties are in dispute about whether Defendant was on notice of the dangerous condition, the Court concludes that these questions of material fact are for the jury to decide.

As presented, both the question of whether Defendant's barstool constituted a dangerous condition and if that condition was open and obvious remain unresolved. Since Plaintiff has

8

sufficiently raised a genuine dispute of material fact, this Court concludes that these questions of fact are for the jury to decide. Therefore, Defendant is not entitled to judgment as a matter of law.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED** because Plaintiff has met its burden establishing a genuine dispute of material fact.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**Judge John Milton Younge**